## COUNTY OF BERKSHIRE, SEPTEMBER TERM, 1849, AT LENOX.

PRESENT:

HON. LEMUEL SHAW, CHIEF JUSTICE.
HON. SAMUEL S. WILDE,
HON. CHARLES A. DEWEY, } JUSTICES.
HON. THERON METCALF,
HON. RICHARD FLETCHER,

MEMORANDUM. The legislature having, by an act which took effect on the 1st of May, 1849, reëstablished the office of attorney general, which was abolished by the act of 1843, c. 99, the Honorable JOHN HENRY CLIFFORD, of New Bedford, was appointed and commissioned to that office, and, on the third of July, 1849, took and subscribed the oaths required to qualify him therefor.

DAVID A. SUMNER & another *vs.* THE COMMONWEALTH.

Where two are convicted on an indictment jointly charging them with the offence of larceny, and are severally sentenced thereon to longer terms of imprisonment than are warranted by law, they may join in a writ of error to reverse the judgment.

THIS was a writ of error to reverse a judgment rendered against the plaintiffs at the last February term of the court

44 *

of common pleas for this county. The plaintiffs were convicted on an indictment, charging them jointly with the offence of simple larceny in stealing forty bushels of oats, of the alleged value of thirty dollars ; and were sentenced, the one to two days solitary imprisonment, and afterwards to hard labor in the house of correction, for eighteen months ; the other to one day solitary imprisonment, and afterwards to hard labor in the house of correction, for one year ; and to be severally committed until sentence be performed.

The assignment of errors alleged, that the plaintiffs were not liable by law to be sentenced to imprisonment for a term exceeding one year, for the offence of which they had been convicted.

*J.' E. Field,* for the plaintiffs, referred to *Hopkins* v. *Comm'th,* 3 Met. 460 ; *Shirley* v. *Lunenburg,* 11 Mass. 379, 383 ; *Gay* v. *Richardson,* 18 Pick. 417.

*Clifford,* attorney general, for the commonwealth.

BY THE COURT. An exception is taken to this writ of error, that it could not be sued out by the two defendants jointly, because the sentences were several, and for different terms of imprisonment. But the court are of opinion, that this objection to the writ cannot be sustained. The indictment was for a joint offence ; both were convicted of the offence charged ; both complain that the judgment was erroneous ; and we think, therefore, that both may join in a writ of error to revise it.

It is conceded, that the sentence, in each case, was for a term of imprisonment not warranted by law. On a conviction for simple larceny, when the value of the property does not exceed one hundred dollars, the imprisonment cannot exceed one year. In the present case, though the terms of imprisonment were different, each of them exceeded the legal limit. The judgments therefore must be reversed.

A question is again raised, on the part of the attorney general, whether the court can now pass the sentence, which the court below should have passed. There are obvious difficulties to be encountered on both sides of this question, which

it is now hardly necessary to state. It has been decided, in some recent cases, that the court can only reverse and annul the erroneous judgment. It is urged, however, that this decision was not carefully considered ; that the authorities cited hardly warrant the decision to its full extent ; and the court are requested to reconsider it.

This is certainly a very important question, and one which the court have no objection, on a proper occasion, to revise and reconsider. But in the present case, no notice seems to have been given, that this question would be raised, and it has not in effect been argued ; the intimation from the attorney general being rather a suggestion of the general question, than a motion, in the present case.

The plaintiffs in error have severally suffered an imprisonment exceeding half the term which could be imposed ; the recent decision is an authority for the present case ; and, therefore, the judgment against the plaintiffs is simply reversed, and an order will issue directing them to be discharged from the imprisonment, to which they were sentenced thereon.*